IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-55-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARRICK LAMORRIS MCKENZIE, | ) | |
| | ) | |
| Defendant. | ) | |

On December 3, 2021, Darrick Lamorris McKenzie ("McKenzie" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 82]. On December 6, 2021, the court appointed counsel for McKenzie pursuant to standing order 19-SO-3 [D.E. 83]. On April 20, 2022, the government responded in opposition [D.E. 103]. As explained below, the court denies McKenzie's motion.

I.

On November 19, 2018, pursuant to a written plea agreement, McKenzie pleaded guilty to carjacking (count five), brandishing a firearm in furtherance of a crime of violence (count six), carjacking (count seven), and discharging a firearm in furtherance of a crime of violence (count eight). See [D.E. 39, 40, 67]. On April 10, 2019, the court held McKenzie's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 52]; [D.E. 57]; Sent. Tr. [D.E. 66] 4–5. The court calculated McKenzie's total offense level to be 28, his criminal history category to be VI, and his advisory guideline range to be 140 to 175 months' concurrent imprisonment on counts five and seven, 84

months' consecutive imprisonment on count six, and 120 months' consecutive imprisonment on count eight. See PSR ¶¶ 105–07; Sent. Tr. at 18. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McKenzie to 175 months' concurrent imprisonment on counts five and seven, 84 months' consecutive imprisonment on count six, and 120 months' consecutive imprisonment on count eight for a total of 379 months' imprisonment. See [D.E. 59]; Sent. Tr. at 5–23. McKenzie appealed [D.E. 61]. On February 13, 2020, the United States Court of Appeals for the Fourth Circuit affirmed McKenzie's conviction and sentence. See [D.E. 69, 70].

On December 3, 2021, McKenzie moved pro se for compassionate release. See [D.E. 82]. The government opposes the motion. See [D.E. 103].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains

3

helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

McKenzie applied to his warden for compassionate release on October 29, 2020, and received a denial on November 18, 2020. See [D.E. 103-2]. The government has invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 103] 6, 21. Nonetheless, the court assumes that McKenzie met the exhaustion requirements and addresses McKenzie's motion on the merits. See Muhammad, 16 F.4th at 130.

McKenzie seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (hypertension, high cholesterol, kidney problems, mental illness, and family history of cancer, hypertension, high cholesterol, and obesity), his rehabilitative efforts, his release plan, his supportive family, and his claim that his counsel was constitutionally ineffective during plea negotiations and sentencing. See [D.E. 82].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.

4

n.1(A)(ii). McKenzie states that he has hypertension, high cholesterol, a kidney stone, mental illness, and a family history of cancer, hypertension, high cholesterol, and obesity. See [D.E. 82] 1–2. He argues his medical conditions put him at heightened risk of serious infection from COVID-19. See id. Other than the risk from COVID-19, McKenzie does not argue that the BOP is not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. See id. His medical conditions are under control. See [D.E. 103] 2. And McKenzie has received two doses of the Pfizer COVID-19 vaccine. See [D.E. 103-1]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532

5

F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to McKenzie from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing McKenzie's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, McKenzie's claim that his counsel was constitutionally ineffective during plea negotiations and sentencing is not an extraordinary and compelling reason warranting compassionate release. See [D.E. 82] 2–7. This claim attacks the validity of McKenzie's sentence that he should have raised under 28 U.S.C. § 2255. See United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020) ("[T]he very purpose of [section] 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is *not* a specific statute that already affords relief . . . ."); United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam) (unpublished) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); United States v. Shull, No. 1:04-cr-18, 2022 WL 179141, at *3 (W.D.N.C. Jan. 19, 2022) (unpublished); United States v. Ferguson, No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (unpublished) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity

6

it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review."). McKenzie's time to file a section 2255 motion has expired. McKenzie's conviction became final on May 13, 2020, and his deadline to file a section 2255 motion was May 13, 2021. See 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) ("[The defendant] did not file a petition for writ of certiorari in the Supreme Court of the United States, and his conviction thus became 'final' for the purpose of [section] 2255's one year statute of limitations . . . 90 days after we entered judgment."). However, McKenzie did not move for compassionate release until December 3, 2021 [D.E. 82]. If the court construed McKenzie's motion for compassionate release as a section 2255 motion, it would be untimely.[1]

Under the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, McKenzie's medical conditions, his rehabilitative efforts, his release plan, and his supportive family together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing McKenzie's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

McKenzie is 42 years old and is incarcerated for carjacking (count five), brandishing a

---

[1] On March 15, 2022, McKenzie moved pro se to extend time to file a section 2255 motion. See [D.E. 91]. The court dismissed McKenzie's three prior motions to extend time to file a section 2255 motion. See [D.E. 74, 79, 85]. The court has considered McKenzie's latest motion to extend time to file a section 2255 motion and the entire record. The court dismisses the motion.

7

firearm in furtherance of a crime of violence (count six), carjacking (count seven), and discharging a firearm in furtherance of a crime of violence (count eight). See PSR ¶¶ 1–6, 9–12. McKenzie committed two carjackings on March 14, 2017, and March 16, 2017. See id. ¶¶ 9–10, 12. During the first carjacking, McKenzie pointed a firearm at the victim, ordered her to lay on the floor, choked her to unconsciousness, and brutally raped her. See id. ¶¶ 9, 12; Sent. Tr. at 20. During the second carjacking, McKenzie placed a firearm against the driver's face, pulled him from the car, and repeatedly threatened to kill him. See PSR ¶ 10. McKenzie fled in the stolen vehicle and discharged the firearm, hitting the inside of the windshield. See id. ¶¶ 10, 12. On March 12, 2017, while robbing a Family Dollar Store, McKenzie shoved a sawed-off, short-barrel shotgun into the back of a store clerk and threatened to kill her. See id. ¶¶ 11, 15; Sent. Tr. at 20. Before his horrific conduct in March 2017, McKenzie amassed 31 state convictions. See PSR ¶¶ 17–47. McKenzie has felony convictions for possession with the intent to sell or deliver cocaine, selling cocaine, breaking and/or entering (four counts), larceny after breaking and entering (two counts), larceny of a firearm, common law robbery, larceny (two counts), second degree burglary, conspiracy to commit second degree burglary, possession of stolen goods or property (two counts), larceny of a motor vehicle, possession of a firearm by a felon, possession with the intent to manufacture, sell, or deliver MDMA, and possession with the intent to manufacture, sell, or deliver a schedule VI controlled substance. See id. ¶¶ 21, 23–24, 26–27, 33, 35–38, 45–47. McKenzie's misdemeanor convictions include assault on a female (two counts), assault inflicting serious injury, injury to personal property, larceny, possession of marijuana (two counts), and possession of drug paraphernalia. See id. ¶¶ 17, 19–20, 29–30, 34, 39–40. McKenzie also has a poor record on supervision, having committed new criminal conduct while on probation. See id. ¶¶ 26, 40.

McKenzie has completed a drug abuse education course and several educational and

8

recreational packets while federally incarcerated. See [D.E. 82] 8. He has not provided the court with any other information on his post-sentencing conduct. Cf. Pepper, 562 U.S. at 480–81.

The court must balance McKenzie's positive efforts while federally incarcerated with his serious and violent criminal conduct, his serious and violent criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered McKenzie's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, his release plan, and his supportive family. McKenzie has a release plan that includes living with his mother and taking courses at the community college. See [D.E. 82] 8–9. The court recognizes McKenzie has a supportive family and friends. See id. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, McKenzie's arguments, the government's persuasive response, the need to punish McKenzie for his extraordinarily serious criminal behavior, to incapacitate McKenzie, to promote respect for the law, to deter others, and to protect society, the court denies McKenzie's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 82] and DISMISSES defendant's motion to extend time to file a section 2255 motion [D.E. 91].

9

SO ORDERED. This 10 day of October, 2022.

                                                    JAMES C. DEVER III
                                                    United States District Judge

10